UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALDOPHUS LEBRON HOLLINGSWORTH, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 1:24-CV-087-TAV-SKL |
| WARDEN SHAWN PHILLIPS and JONATHAN SKRMETTI, | ) |
| Respondents. | ) |

# MEMORANDUM OPINION AND ORDER

The Court is in receipt of a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1],[1] a motion for leave to proceed *in forma pauperis* [Doc. 5], and a motion to appoint counsel [Doc. 6]. The Court will address these filings in turn.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 5] establishes that he is unable to pay the $5.00 filing fee. Accordingly, this motion [*Id.*] is **GRANTED**.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has also filed a motion for appointment of counsel [Doc. 6]. In this motion, Petitioner states that he cannot afford counsel, the issues involved in this case are complex, he has "limited knowledge of the law," "[t]he interest of justice will be better

---

[1] Petitioner also filed a duplicate copy of the petition [Doc. 7].

served with appointment of counsel," and this Court has authority to appoint him counsel [*Id.* at 1].

The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the decision to appoint counsel for a federal habeas petitioner generally is within the discretion of the Court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). However, a district court must appoint counsel for a habeas petitioner where the interests of justice or due process so require, *id.*; 18 U.S.C. § 3006A(a)(2), or where an evidentiary hearing is necessary. Rule 8(c), Rules Governing § 2254 Cases.

The Court does not see any need for an evidentiary hearing in this matter at this time, nor does it see or any other reason to appoint counsel for Petitioner. Accordingly, Petitioner's motion for appointment of counsel [Doc. 6] is **DENIED.**

### III. PETITION

Since it does not plainly appear from the face of the petition that it should be summarily dismissed, the Clerk is **DIRECTED** to serve Respondent with a copy of the petition [Doc. 1], and Respondent is **ORDERED** to file the state court record and an answer or other response to the petition within sixty (60) days from the date of this order. Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Should Petitioner choose to file a reply, he shall do so within twenty-one (21) days of the response.

## IV. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Petitioner's motion to appoint counsel [Doc. 6] is **DENIED**;

3. The Clerk is **DIRECTED** to serve Respondent with a copy of the petition [Doc. 1];

4. Respondent is **ORDERED** to answer or otherwise respond to the petition within sixty (60) days from the date of this order;

5. Should Petitioner choose to file a reply, he shall do so within twenty-one (21) days of the response; and

6. Petitioner is **ORDERED** to immediately inform the Court and Respondent of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE